**MARK J. ZANOBINI, ESQ.** (SBN 121184)
**RENATA L. BOGOMOLNAYA, ESQ.** (SBN 276350)
LAW OFFICE OF MARK J. ZANOBINI
591 Redwood Highway, Building 4000
Mill Valley, CA 94941-3039
*Telephone:* 415-392-8400
*Facsimile:* 415-520-5998
admin@zanobinilaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS CHRISTINE MASCHMEIER and MICHAEL MASCHMEIER, Individually, and as Successors in Interest to EMMA MASCHMEIER; and NANCY TOBIN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, a government entity; OPEN DOOR COMMUNITY HEALTH CENTERS; OLIVER L. PUTTLER, JR., MD; ELLEN MARY DRURY, CNM, RN; and DOES 1 through 50, Inclusive,<br><br>Defendants.<br>_____/ | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>➢ **Wrongful Death;**<br>➢ **Professional Medical Negligence;**<br>➢ **Medical Malpractice;**<br>➢ **Survival Action;**<br>➢ **Emotional Distress;**<br>➢ **Loss of Consortium.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, ALEXIS CHRISTINE MASCHMEIER and MICHAEL MASCHMEIER, Individually, and as Successors in Interest to newborn EMMA MASCHMEIER; and NANCY TOBIN complain and allege as follows:

## GENERAL ALLEGATIONS

**1)** The true names or capacities, whether individual, corporate, governmental or associate, of the defendants named herein as Does are unknown to plaintiffs who therefore sue said defendants by such fictitious names, and when the true names and capacities have been ascertained, plaintiffs will amend this Complaint accordingly.

**2)** Plaintiffs are informed and believe, and upon such information and belief allege, that each of the defendants named herein as DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injuries and damages proximately thereby to plaintiffs, as hereinafter alleged, either through said defendants' own negligent conduct or through the conduct of their agents, servants or employees, or in some other manner as yet unknown.

**3)** At all times herein mentioned, defendants, and each of them, were the agents, servants, employees, independent contractors and/or joint venturers of their co-defendants and were, as such, acting within the course, scope and authority of said agency, employment, contract and/or joint venture, and each and every defendant, when acting as a principal, was negligent in the selection, hiring, training, control and supervision of each and every other defendant as the agent, servant, employee, independent contractor and /or joint venturer.

**4)** Defendant UNITED STATES OF AMERICA is the federal government, and is a proper defendant pursuant to 28 U.S.C. § 2679(b)(1) for claims for money damages arising from or out of a negligence or wrongful act and/or omission of any federal employee committed within the course and scope of their employment.

**5)** Plaintiffs are informed and believe, and thereupon allege, that at all times herein relevant, defendants OLIVER L. PUTTLER, JR., MD; ELLEN MARY DRURY, CNM, RN; and DOES 1 through 30, inclusive, were and are physicians, assistants, nurses, and other persons trained in the practice of medicine with a specialty in obstetrics and gynecology and/or radiology and licensed to practice under the laws of the state of California, and as such, held themselves out as medical practitioners responsible for providing health, medical and diagnostic care with that degree of skill, ability and learning common to physicians, or others, in the same professional community.

**6)** Plaintiffs are informed and believe, and thereupon allege, that at all times herein mentioned, defendants OPEN DOOR COMMUNITY HEALTH CENTERS, and DOES 1 through 50, were and are an independent community health center and a 501(c)3 nonprofit charitable organization, located in Arcata, California, led by an independent and consumer-majority board of directors, and which are organized, licensed, and existing under and by virtue of the laws of the State of California, and as

such, said defendants hold themselves out as entities responsible for providing health care and medical care with that degree of skill, ability, and learning common to licensed clinics, medical centers or health care facilities.

**7)** Plaintiff, ALEXIS CHRISTINE MASCHMEIER, is an adult female; a resident of Eureka, California, and the surviving mother of EMMA MASCHMEIER, deceased.

**8)** Plaintiff, MICHAEL MASCHMEIER, is an adult male; a resident of Eureka, California, and the surviving father of EMMA MASCHMEIER, deceased.

**9)** Plaintiff, NANCY TOBIN, is an adult female; a resident of Arcata, California, and the mother of ALEXIS CHRISTINE MASCHMEIER and grandmother of decedent EMMA MASCHMEIER.

**10)** Under California Code of Civil Procedure section 377.60, plaintiffs ALEXIS CHRISTINE MASCHMEIER and MICHAEL MASCHMEIER have standing to sue for the wrongful death of EMMA MASCHMEIER, their deceased daughter.

**11)** As Successors in Interest to decedent, EMMA MASCHMEIER, plaintiffs, ALEXIS CHRISTINE MASCHMEIER and MICHAEL MASCHMEIER, also seek to recover damages that EMMA MASCHMEIER sustained or incurred before her death recoverable under §377.34 of the California Code of Civil Procedure.

**12)** Plaintiffs were required to and did comply with all of the requirements of the Federal Tort Claims Act. Administrative Tort Claims were presented to defendant USA through the appropriate federal agency, the U.S. Department of Health and Human Services, with supporting documents, on or about March 22, 2021, on behalf of plaintiffs Alexis Maschmeier, Michael Maschmeier, and Nancy Tobin.

**13)** By an acknowledgment letter, the U.S. Department of Health and Human Services, advised plaintiffs' counsel that plaintiffs' administrative tort claims had been received in the Claims Office on March 22, 2021 for consideration and reply. The U.S. Department of Health and Human Services' acknowledgment letter assigned Claim No. 2021-0351 to plaintiff Nancy Tobin's Administrative Tort Claim, Claim No. 2021-0352 to plaintiff Michael Maschmeier's Administrative Tort Claim, and Claim No. 2021-0353 to plaintiff Alexis Maschmeier's Administrative Tort Claim.

**14)** Since March 22, 2021, more than six (6) months, the U.S. Department of Health and Human Services has failed to make a final disposition of the Administrative Tort Claims of the plaintiffs. Therefore, pursuant to 28 U.S.C. § 2675(a), plaintiffs may now file suit against the United States in this Court.

**15)** This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b). Under the Federally Supported Health Centers Assistance Act, and pursuant to 42 U.S.C. § 233, Oliver L. Puttler, Jr., MD and Ellen Mary Drury, C.N.M., RN, a contractor and an employee, respectively, of Open Door Community Health Centers, a federally funded and qualified health center, are federal employees for purposes of claims of medical malpractice. Accordingly, the Federal Tort Claims Act applies. Additionally, this Court has jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all of the claims arise from a common nucleus of operative facts that are so intertwined that they cannot be reasonably separated.

**16)** Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391 (e)(1) because a substantial part of the events giving rise to the claim occurred in this judicial district, and 28 U.S.C. § 1402(a) as plaintiffs reside in this judicial district.

**17)** On or about October 10, 2019, at approximately 8 p.m., 41 weeks pregnant ALEXIS CHRISTINE MASCHMEIER arrived at Mad River Community Hospital in Arcata, California, reporting decreased fetal movements since 1 p.m. that day. She was admitted and administered Cervidil and other medications for labor induction. Unfortunately, ALEXIS CHRISTINE MASCHMEIER developed and continued to have alarming intermittent late and/or variable late decelerations throughout her labor with little or no interventions by defendants. Although she was experiencing tachysystole and decelerations, Cervidil was not stopped. When tracings were category II and III, no efforts were made by defendants to expeditiously resolve the underlying cause of the alarming fetal heart rate, and, when found failing, the baby was not urgently delivered. Inappropriate and failing measures, if any at all, were taken, to resolve the underlying cause of the abnormal tracings. Despite multiple decelerations, ALEXIS CHRISTINE MASCHMEIER was not urgently or timely taken to the Operating Room. There was a delay in taking plaintiff to the Operating Room from the time the decision had been made to perform C-section to the time she was taken to the Operating Room. There was an unexplainable delay as a result

of which baby Emma was delivered hours later. Failed interventions and a significant delay in delivering baby Emma, among other things, fell below the standard of care. When Mrs. Maschmeier was finally taken to the Operating Room, there was a delay from the patient's Operating Room entrance to incision. Baby Emma was delivered alive with umbilical cord wrapped around her neck. Resuscitation had to be undertaken. After 37 minutes of resuscitation efforts, baby Emma passed away. Had proper and timely measures been undertaken by defendants during plaintiff's labor and/or had a C-section been performed by defendants earlier, baby Emma would have, in all medical probability, survived. Parents Mr. and Mrs. Maschmeier and maternal grandmother Nancy Tobin, who were present during labor and delivery and were aware of the fetal distress and observed the injuries, were grief stricken.

**FIRST CAUSE OF ACTION**
**(Wrongful Death)**
**(Professional Negligence – Medical Malpractice)**

**18)** Plaintiffs incorporate by reference as though fully set forth herein, all of the allegations contained in Paragraphs 1 through 17 of this Complaint.

**19)** At all times relevant, defendants, and each of them, negligently failed to exercise the proper degree of knowledge, skill and due care in soliciting, referring, assessing, diagnosing, testing, warning caring for, treating and resuscitating the infant decedent, EMMA MASCHMEIER. Throughout this period of time, defendants, and each of them, ignored decedent's persistent signs of fetal stress, and failed to timely and properly diagnose and care for decedent, including but not limited to, a failure to implement adequate labor and delivery protocols (despite reassurances to the contrary), failure to timely and properly perform a necessary C-section, failure to provide for appropriate and trained follow-up care and failure to have adequately training and equipment to care for and resuscitate decedent.

**20)** Plaintiffs contend that defendants repeatedly failed to conduct a thorough monitoring and examination of the unborn child, failed to properly diagnose and categorize the progression of the labor and delivery, failed to recognize fetal distress and order a timely C-section and failed to generally provide appropriate medical advice, care, and treatment.

**21)** Plaintiffs have sought the opinions of other physicians and surgeons who have advised that the care and treatment rendered by defendants was in fact inappropriate, unacceptable, and below the applicable standards of care. This includes, but is not limited to, defendants' repeated failures to

properly categorize and document the progression of the delivery and repeated failures to perform a timely C-section.

22) As a direct and proximate result of the above-described negligent, careless and unlawful conduct of defendants, and each of them, and while under defendants' care and control, on October 11, 2019, EMMA MASCHMEIER was delivered alive via a C-section with the nuchal cord wrapped tightly and twice around her neck. Resuscitation procedures were attempted for approximately 37 minutes but were unsuccessful. Resuscitation was discontinued, and the infant was pronounced dead at 20:08 p.m. on October 11, 2019.

23) As a direct and proximate cause of the conduct of defendants, and each of them, herein described, plaintiffs, ALEXIS CHRISTINE MASCHMEIER and MICHAEL MASCHMEIER, have been deprived, and will be deprived in the future, of the love, companionship, comfort, care, assistance, protection, affection, society, solace, moral support, and other non-economic and economic benefits of their daughter, EMMA MASCHMEIER, deceased, and as such, is entitled to an award of such sums as, under all the circumstances of the case, may be just compensation for the loss and damages plaintiffs have suffered and will suffer by reason of the death of their infant daughter, including financial loss in the amount of reasonable expenses paid or incurred by plaintiffs for funeral services in memory of EMMA MASCHMEIER, deceased, and for burial of the body, all in an amount exceeding the unlimited jurisdiction of this court, the exact amounts to be ascertained according to proof at the time of trial.

**SECOND CAUSE OF ACTION**
**(Medical Negligence)**
**(Negligent Infliction of Emotional Distress – Direct Victim)**

24) Plaintiff ALEXIS CHRISTINE MASCHMEIER incorporates paragraphs 1 through 23 above as though fully set forth herein.

25) Throughout the labor and delivery process, plaintiff ALEXIS CHRISTINE MASCHMEIER, was aware that her baby EMMA MASCHMEIER was in distress. She requested that defendants discontinue induction and perform a timely C-section. Unfortunately, none of the measures were taken until after a substantial period of time had passed. When the baby was delivered, the umbilical cord was wrapped tightly and twice around the neck. Baby Emma Maschmeier was alive at birth but had to immediately be taken away from plaintiff for resuscitation.

**26)** Plaintiff was informed and believes, that after 37 minutes of attempted resuscitation, during the course of which bilateral breath sounds and chest movement with palpated radial and femoral pulses were present, no further resuscitative measures were warranted and baby EMMA was pronounced dead as a result.

**27)** In doing the things herein alleged, defendants, and each of them, pursued a negligent course of conduct which they knew or should have known would ultimately cause plaintiff severe emotional distress, shock and other highly unpleasant emotions, causing the injuries and damages set forth herein.

**28)** Said conduct was a substantial factor in causing ALEXIS CHRISTINE MASCHMEIER'S serious emotional distress.

### THIRD CAUSE OF ACTION
(Medical Negligence)
(Negligent Infliction of Emotional Distress – Bystander)

**29)** Plaintiffs MICHAEL MASCHMEIER and NANCY TOBIN incorporate paragraphs 1 through 28 above as though fully set forth herein.

**30)** At all times herein mentioned, plaintiff NANCY TOBIN was and is the lawful mother of plaintiff ALEXIS CHRISTINE MASCHMEIER and the grandmother of decedent EMMA MASCHMEIER.

**31)** At all times herein mentioned, plaintiff MICHAEL MASCHMEIER was and is the lawful husband of plaintiff ALEXIS CHRISTINE MASCHMEIER and the father of decedent EMMA MASCHMEIER.

**32)** On or about October 10 and 11, 2019, at the time and place above described, plaintiffs, MICHAEL MASCHMEIER and NANCY TOBIN, were contemporaneously aware of the injuries and damages sustained by their wife and daughter, ALEXIS CHRISTINE MASCHMEIER, who was in labor and under the influence of medication administered by defendants, and their daughter and granddaughter EMMA MASCHMEIER, who was in distress. Plaintiffs, MICHAEL MASCHMEIER and NANCY TOBIN, present at labor and delivery, were aware that ALEXIS MASCHMEIER and EMMA MASCHMEIER developed and continued to suffer from intermittent late and/or variable late decelerations throughout labor with insufficient or no interventions by defendants. Plaintiffs, MICHAEL

MASCHMEIER and NANCY TOBIN, present at labor and delivery, were aware that although ALEXIS MASCHMEIER and EMMA MASCHMEIER were experiencing tachysystole and non-reassuring fetal heart rate tracings clearly visible on the monitor, Cervidil was not stopped. Plaintiffs, MICHAEL MASCHMEIER and NANCY TOBIN, present at labor and delivery, observed the nurses' concern in trying to normalize baby EMMA MASCHMEIER's heart rate tracings. Plaintiffs, MICHAEL MASCHMEIER and NANCY TOBIN, present at labor and delivery, were aware that baby EMMA MASCHMEIER was not receiving the necessary medical care to survive as her mother was not being taken to the Operating Room for a timely emergency C-section. Plaintiffs, MICHAEL MASCHMEIER and NANCY TOBIN, present at labor and delivery, were aware that ALEXIS MASCHMEIER and baby EMMA MASCHMEIER were continuing to suffer because defendants were not giving them the medical attention that they needed and were not providing the necessary life-saving measures.

**33)** As a direct and proximate result of the carelessness and negligence of defendants, and each of them, plaintiffs, MICHAEL MASCHMEIER and NANCY TOBIN, sustained severe injury to their health, severe emotional distress, shock and other highly unpleasant emotions, causing the injury and damage, all to plaintiffs' general damage in an amount to be proven at the time of trial.

**34)** Said conduct described herein was a substantial factor in causing MICHAEL MASCHMEIER and NANCY TOBIN'S serious emotional distress.

### FOURTH CAUSE OF ACTION
**(Survival Action)**
**(Medical and Related Expenses)**

**35)** Plaintiffs ALEXIS CHRISTINE MASCHMEIER and MICHAEL MASCHMEIER incorporate paragraphs 1 through 34 above as though fully set forth herein.

**36)** As a proximate result of the negligent, careless, reckless, and unlawful conduct of defendants, plaintiffs' infant daughter EMMA MASCHMEIER, was caused to sustain the injuries and damages herein alleged, and ultimately expired.

**37)** As successors in interest to EMMA MASCHMEIER, deceased, plaintiffs in this survival action also seek to recover all of the medical and related expenses incurred in the transportation, treatment, and care of EMMA MASCHMEIER, now deceased, that was necessitated by reason of her status before her death, the amount of which is unknown at this time, but which plaintiffs pray leave to

amend the true amount when same is ascertained.

## FIFTH CAUSE OF ACTION
### (Loss of Consortium)

**38)** Plaintiff MICHAEL MASCHMEIER incorporates herein by reference as though fully set forth herein, all of the allegations contained in Paragraphs 1 through 37 of this Complaint.

**39)** It is generally stated in the above-discussed causes of action herein that ALEXIS CHRISTINE MASCHMEIER was caused to and did sustain certain personal and bodily injuries. At all times herein mentioned, plaintiff MICHAEL MASCHMEIER was and is the lawful husband of plaintiff ALEXIS CHRISTINE MASCHMEIER.

**40)** By reason of said medical malpractice as alleged above, plaintiff MICHAEL MASCHMEIER has suffered, and is reasonably certain to suffer in the future, loss of his wife's companionship, comfort, affection, society, solace, and moral support; and loss of her physical assistance in the operation and maintenance of the home, and plaintiff MICHAEL MASCHMEIER has been deprived of his rights of consortium as a direct and proximate result of the negligence and carelessness of the defendants as herein above set forth.

**41)** By reason of said injuries caused by defendants, and each of them, plaintiff MICHAEL MASCHMEIER has been generally damaged in excess of the unlimited jurisdiction of this Court, and seeks appropriate damages from the defendants herein, and each of them, for his loss of consortium as set out above.

WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as follows:

1. For general damages according to law and proof;
2. For special damages according to law and proof;
3. For other economic losses according to proof;
4. For survival action damages including medical and related expenses recoverable by the decedent's Successors In Interest, under California Code of Civil Procedure §377.34;
5. For prejudgment interest pursuant to California Code of Civil Procedure §3291;
6. For costs of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

DATED: January 12, 2022                    LAW OFFICE OF MARK J. ZANOBINI PC

_____
MARK J. ZANOBINI
RENATA L. BOGOMOLNAYA
 Attorneys for Plaintiffs, ALEXIS CHRISTINE
 MASCHMEIER and MICHAEL
 MASCHMEIER, Individually, and as Successors
 in Interest to EMMA MASCHMEIER; and
 NANCY TOBIN,